IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ERIC BERNARD,

    Plaintiff,

  v.                                                   No. CIV 13-1217 WJ/SMV

STATE OF NEW MEXICO
MAGISTRATE JUDGE SHARER,
SAN JUAN COUNTY MAGISTRATE JUDGE,
SAN JUAN COUNTY DETENTION CENTER,
PUBLIC DEFENDER COSME D. RIPOL,
SAN JUAN COUNTY SHERIFF'S OFFICE,
SAN JUAN COUNTY DISTRICT ATTORNEY,
STATE OF COLORADO LA PLATA
COUNTY SHERIFF'S OFFICE,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, Plaintiff's claims will be dismissed without prejudice.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff was falsely charged in state court criminal proceedings in San Juan County, New Mexico.  He was incarcerated in the county detention center, where he was allegedly denied medical treatment.  His public defender provided ineffective assistance in plea negotiations.  "The Colorado Sheriff's department" testified falsely in Plaintiff's preliminary proceedings, causing him to be bound over to a district court for trial.  Plaintiff contends that Defendants' actions violated his rights under the Fourth, Fifth, and Fourteenth Amendments.  The complaint seeks damages.

Plaintiff's allegations of false charges, perjured testimony, and ineffective assistance of counsel in his criminal proceedings appear to call into question the constitutionality of the conviction by which he is incarcerated.  These claims are barred under the decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), which held that a convicted defendant may not bring a suit for damages under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence."  *Id*. at 487.  The complaint does not allege that Plaintiff's conviction has been set aside, *see id*. at 486-87, and his allegations of false charges, perjured testimony, and ineffective assistance of counsel fail to state cognizable claims under § 1983.  *See Webber v. Weaver*, 6 F. App'x 706, 708 (10th Cir. 2001); *but see Fottler v. United States*, 73 F.3d 1064, 1065-66 (10th Cir. 1996) (noting that plaintiff who overturns conviction may then bring § 1983 action).  The Court will dismiss these claims without prejudice.

In Claim III, Plaintiff alleges that he was denied medical treatment for severe pains in his head and eyes.  He was taken to a hospital, where certain medications were prescribed, but then

the detention center staff would not administer the prescriptions. Plaintiff did not receive medication for five months, when a new doctor came to the detention center. The complaint names only the detention center as a Defendant on this claim. Because a detention center is not a suable entity, *see White v. Utah*, 5 F. App'x 852, 853 (10th Cir. 2001), the Court will dismiss this claim. Plaintiff will be allowed to file an amended pleading identifying the individual(s) who allegedly denied him necessary medical treatment. Failure to comply with this Order may result in dismissal of this action.

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED without prejudice, and, within twenty-one (21) days from entry of this Order, Plaintiff may file an amended pleading identifying the individual(s) who allegedly denied him necessary medical treatment.

_____
UNITED STATES DISTRICT JUDGE