IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ERIC BERNARD,

        Plaintiff,

vs.                                                                                                          1:13-cv-01217-WJ-LF

CORRECTIONAL HEALTHCARE
COMPANIES, INC.,[1]

        Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on defendant Correctional Healthcare Companies, Inc.'s ("CHC") Motion to Dismiss (Doc. 20) and plaintiff Eric Bernard's Motion for Jury Demand (Doc. 14). Bernard did not file a response to CHC's motion to dismiss, and the time to do so has passed. Because I recommend that the Court grant CHC's motion to dismiss, I also recommend that the Court deny Bernard's motion for jury demand as moot.

### I.    Plaintiff's Failure to Respond

This district's local rules require that a response to a written motion must be "served and filed within fourteen (14) calendar days after service of the motion." D.N.M.LR-Civ. 7.4(a). Federal Rule of Civil Procedure 6(d) allows an additional three (3) days for mailing. "The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b). Although the Court will liberally construe a pro se plaintiff's filings and hold them to less stringent standards than that of a lawyer, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), this district has

---

[1] In his amended complaint, plaintiff incorrectly identifies defendant Correctional Healthcare Companies, Inc., as "CCH Medical Group." Doc. 12.

long insisted that pro se parties follow the same rules of civil procedure as any other litigant. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

CHC filed its motion to dismiss on April 23, 2015.  Doc. 20.  Bernard was properly served with a copy of CHC's motion through the United States Postal Service.  Doc. 20 at 7.  Bernard had through May 12, 2015 to file a response, but failed to do so.  On May 15, 2014, CHC filed a notice that briefing was complete.  Doc. 21.  It is now several months past the prescribed time for Bernard to file a response, and his failure to respond constitutes consent to grant the motion.  While the Court may grant CHC's motion based solely on Bernard's failure to respond, his complaint also fails on the merits.

## II.     Standard of Review

The Court may grant a motion to dismiss if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Twombly,* 550 U.S. at 555.  In applying this standard, the Court will "assume the truth of all well-pleaded facts in the complaint, and draw all reasonable inferences therefrom in the light most favorable to the plaintiffs."  *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009).

**III.     Background Facts**

Bernard currently is incarcerated at the Lea County Correctional Facility.  Doc. 12 at 1.[2] He alleges that while he was an inmate at the San Juan County Detention Center, he was transported to the hospital and prescribed certain medications that were not administered to him once he returned to the detention center.  Doc. 12.  Instead, he was given the wrong medication, and only after months of complaining, received appropriate medical care.  *Id*. at 3.

In his amended complaint, Bernard names only one defendant, CHC, a corporation, and brings only one cause of action: a violation of his Eighth Amendment right to be free from cruel and unusual punishment, pursuant to 42 U.S.C. § 1983.[3]  Doc. 12.  Although Bernard does not specifically allege that CHC employed the health care professionals who allegedly failed to provide appropriate medical care to him upon his return from the hospital, the Court will liberally construe Bernard's amended complaint and will assume that Bernard is suing CHC as the employer of the purported tortfeasors.

**IV.    Discussion**

A private corporation may be liable under § 1983 when it is performing a government function.  *See Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 2005).

---

[2] Bernard filed his initial complaint on December 19, 2013.  Doc. 1.  The Court dismissed the complaint and several of the parties originally named and allowed Bernard to amend his complaint (Doc. 9), which he did (Doc. 12).

[3] Plaintiff's amended complaint does not specifically state his claims are brought pursuant to § 1983, but because his original complaint contends his claims are brought under this statute, the Court will liberally construe his amended complaint and assume that it also is brought under § 1983.  Plaintiff's amended complaint states that he was denied medical treatment in violation of New Mexico law, Doc. 12 at 2, but he does not identify or discuss the state law to which he refers and, therefore, neither will the Court.  It is not the proper function of the district court to assume the role of advocate for the pro se litigant, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), or "construct arguments or theories for the plaintiff in the absence of any discussion of those issues."  *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir.1991) (citation omitted).

However, a private corporation cannot incur liability under § 1983 based solely on its contractual relationship with the state or the employment of a tortfeasor. *See id.* at 1448 ("the fact that a private entity contracts with the government or receives governmental funds or other kinds of governmental assistance does not automatically transform the conduct of that entity into state action"); *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) ("a private actor 'cannot be held liable *solely* because it employs a tortfeasor—or, in other words . . . cannot be held liable under § 1983 on a *respondeat superior* theory.'") (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978)) (emphasis in original).  To establish a claim against CHC, Bernard must show that CHC instituted an official policy or had a specific custom that was the "direct cause" or "moving force" behind the alleged constitutional violation. *See Smedley v. Corr. Corp. of Am.*, 175 F. App'x 943, 946 (10th Cir. 2005) (unpublished) (citing *Monell*, 436 U.S. at 691; *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480–85 (1986); and *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 820 (1985)).  A policy includes any statement, ordinance, regulation or decision that the corporation has adopted and promulgated through its officers.  *See Monell,* 436 U.S. at 690.  A custom is a persistent, well-settled practice of unconstitutional misconduct by employees to which the corporation is deliberately indifferent or has tacitly approved.  *See Gates v. Unified Sch. Dist. No. 449 of Leavenworth Cnty., Kan.,* 996 F.2d 1035, 1041 (10th Cir. 1993).

Even liberally construing Bernard's amended complaint, he fails to identify any of CHC's official policies or customs that caused CHC employees to fail to administer the proper medication to Bernard.  Without a policy or custom, defendant CHC may not be held liable under § 1983.

V.	Recommendation

Bernard's failure to respond to CHC's motion to dismiss constitutes consent to grant the motion. Moreover, Bernard's complaint fails to state a claim for which relief may be granted.

IT IS THEREFORE RECOMMENDED that the Court dismiss Bernard's amended complaint (Doc. 12) with prejudice.

IT IS FURTHER RECOMMENDED that the Court deny Bernard's Motion for Jury Demand (Doc. 14) as moot.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
Laura Fashing
United States Magistrate Judge